IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | | |
|---|---|---|---|
| In Re: | ) | Case No: | 14-32180-DHW |
| Darius Dubose | ) | Chapter: | 13 |
| SSN: xxx-xx-8062 | | | |
| Selena Dubose | ) | | |
| SSN: xxx-xx-5356 | | | |
| | ) | | |
| Debtors | | | |

## RESPONSE TO DEBTOR'S RESPONSE TO
## NOTICE OF TERMINATION FILED BY MIDFIRST BANK

Comes now MIDFIRST BANK, (hereinafter "Creditor"), by and through its undersigned counsel of record, Sirote & Permutt, P.C. and hereby files the Response to Debtor's Response to Notice of Termination of Stay, asking the Court to overrule the Debtor's Response and find that the Automatic Stay was rightfully terminated. As grounds for such, the Creditor states the following:

1. The Debtors filed their case on August 15, 2014. At the time of filing, the Debtors were over $16,400 in pre-petition default.

2. The Debtors fell into post-petition default almost immediately, and the Creditor filed a Motion for Relief from Stay within a year of the case being filed.

3. This Court entered an Order on August 7, 2015, which added an additional $7,124.70 into the case, bringing the total arrearage to over $23,500.00. This Order also contained a future default provision with a standard 20 day right to cure.

4. Thereafter, the Debtors sought an opportunity to modify their loan, and the Creditor and Debtor agreed to enter into a Trial Loan Modification. In February 2017, Midfirst Bank sent the Debtors the requisite paperwork to complete the Loan Modification, which provided a clear deadline of March 1, 2017 to be signed, completed, and returned to the Creditor.

5. The Debtor's failed to return the paperwork by the March 1, 2017 deadline and the loan modification was terminated.

6. On August 2, 2017, Midfirst Bank filed a Notice of Default with a 20 day Right to Cure Provision. At this time, the Debtors were over $8,700 in default since the previous post-petition default was settled with an Agreed Order on August 7, 2015.

7. The Debtor's failed to cure the Notice of Default before the 20 day period expired and on August 25, 2017, Midfirst Bank filed a Notice of Termination, informing the Court and the Debtors that the Automatic Stay was no longer in effect.

**WHEREFORE, ABOVE PREMISES CONSIDERED,** the Creditor contends that the Automatic Stay was rightfully terminated and requests that this Court enter an Order Denying the Debtor's requested relief and confirm that the Automatic Stay has lifted.

Respectfully submitted,

/s/ Stephen Bulgarella
Stephen Bulgarella (BUL-021) SB
Enslen Crowe (CRO-098)
Diane C. Murray (MUR-048)
Donald M. Wright (WRI-021)
Attorney for Creditor

OF COUNSEL:
Stephen Bulgarella
Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205-918-5083 / Fax: 205-212-2874
sbulgarella@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify in accordance with Fed. R. Bankr. P. 4001(a), 9014, and 7004 that a copy of the above and foregoing pleading was mailed, first class postage prepaid to the following:

Darius Dubose
Selena Dubose
2803 N. Colonial Drive
Montgomery, AL 36111

And served via electronic case management to:

Joshua C. Milam
Shinbaum and Campbell
566 S. Perry Street
Montgomery, AL 36104
jmilam@smclegal.com

Sabrina L. McKinney
P.O. Box 173
Montgomery, AL 36101
trustees_office@ch13mdal.com

On this the 7th day of September, 2017.

/s/ Stephen Bulgarella
OF COUNSEL